IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

URIEL LIRA-PEREZ                                                     PLAINTIFF

v.                    Civil No.  12-2127

STATE OF ARKANSAS                                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff, Uriel Lira-Perez, is currently incarcerated in the Giles W. Dalby Correctional Facility in Post, Texas.

The case is before me on the Plaintiff's motion for leave to proceed *in forma pauperis* (IFP) and for preservice screening under the provisions of the Prison Litigation Reform Act.  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

### 1.  Background

Plaintiff alleges the State of Arkansas is legally responsible for the overall operation of the Twelfth Judicial District and each institution under its jurisdiction, including the Sebastian County Sheriff's Office.  Plaintiff has sued the Defendant in its official capacity.

When Plaintiff was arrested, $162 in United States currency, a 2006 Chevy Impala, and $1000 worth of cheese were seized.  Plaintiff maintains he did not receive proper notice of the forfeiture proceeding and the State's motion for judgment on the pleadings was incorrect.

Plaintiff claims that he was not given notice of the forfeiture in either English or Spanish and did not sign any notice.  As relief, he asks that Defendant be ordered to return his property or an

equivalent value of $16,162.  He also asks for an award of compensatory and punitive damages.

**2.  Discussion**

In reviewing an IFP application (Doc. 3), there is a two step process followed by the Court. First, a determination of whether the Plaintiff qualifies by economic status under § 1915(a) and, if so, to permit the complaint to be filed. Second, a determination of whether the cause of action stated in the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, if so, to dismiss the complaint.  *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982).  28 U.S.C. § 1915A(b)(On review, the court is to dismiss the complaint, or any portion of the complaint, that is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant who is immune from such relief.); *see also* 28 U.S.C. § 1915(e)(2)(B)(i-iii).

In his IFP application (Doc. 3), Plaintiff indicates he has no source of income, other than small gifts from family members, and no assets.  The records from the detention facility show his monthly balance averages eighty-four dollars.  The information supplied by Plaintiff appears to be sufficient to determine that Plaintiff would qualify by economic status for IFP status.

I turn to an examination of the claims asserted by Plaintiff.  The claims against the State of Arkansas are subject to dismissal.  The claims are barred by the Eleventh Amendment.  *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).  "The Eleventh Amendment bars suits against a State by citizens of that same State in federal court." *Williams v. Missouri,* 973 F.2d 599, 599 -600 (8th Cir. 1992) *(citing Papasan v. Allain,* 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L. Ed. 2d 209 (1986)). "'This bar exists whether the relief sought is legal or equitable.'" *Id.* (*quoting Papasan*, 478 U.S. at 276).  "Congress did not abrogate constitutional sovereign immunity when enacting the law

that was to become section 1983." *Burk v. Beene*, 948 F.2d 489, 493 (8th Cir. 1991)(*citing Quern v. Jordan,* 440 U.S. 332, 342 (1979)).

### 3. Conclusion

Accordingly, I recommend that Plaintiff's motion to proceed IFP (Doc. 3) be denied and the case dismissed. 28 U.S.C. § 1915(e)(2)(B)(i-iii). The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the Clerk be directed to place a § 1915(g) strike flag on the case.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 3rd day of July 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE